UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　Plaintiff-Respondent, <br><br>v. <br><br>OSCAR GUSTAVO FERNANDEZ ALVAREZ <br><br>　　　　Defendant-Petitioner. | Civil No. 06-CV-0799-L <br> Criminal No. 06-CR-0025-L <br><br> **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** <br><br> **[28 U.S.C. § 2255]** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 06cr25-L. This court issued an order requiring response to the Motion. The government filed a response, to which Defendant did not reply. The Motion is **DENIED** and this case is **DISMISSED WITH PREJUDICE** because by the express terms of the Plea Agreement Defendant waived his right to bring the Motion.

Defendant was represented by counsel throughout his criminal case. On January 9, 2006, Defendant entered into a Plea Agreement, wherein he agreed to plead guilty to a one-count Information alleging importation of 113.20 kg of marijuana in violation of 21 U.S.C. §§ 952 and 960. (Plea Agreement at 2, 3.) The charge carries a maximum penalty of 40 years in custody with a statutory minimum of 5 years in custody, a maximum $ 2 million fine, a mandatory

special assesment of $100 per count, and a term of supervised release of four to five years. (Plea Agreement ¶ III.) Defendant waived his right to trial, appeal and collateral attack on the judgment and sentence. (*Id*. ¶¶ IV & XI.) After Defendant was advised of the terms of the Plea Agreement and pled guilty (Tr. of Disposition Hr'g Before the Hon. Leo S. Papas U.S. Magistrate Judge, 1/17/06), he was sentenced to 24 months in custody followed by four years of supervised release, and was assessed a $100. (Reporter's Tr. of Proceedings, 3/27/06 ("TR"), at 8-9).

Defendant's sole argument in support of his Motion is that he "was offered 12-18 months and was sentenced to 24 months." (Mot. ¶ 17.A.) The court rejects this argument because Defendant was sentenced as provided in the Plea Agreement.

The Plea Agreement informed Defendant that by pleading guilty he would waive certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence:

> In exchange for the Government's concessions in this plea agreement, **defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence,** . . ..

(Plea Agreement ¶ XI (emphasis added).) Although the Plea Agreement contains one exception to Defendant's waiver of his right to appeal or collaterally attack his conviction and sentence – allowing an appeal if the court imposed a longer custodial sentence than the high end of the guideline range recommended by the government pursuant to the agreement (*Id*. ¶ XI) – this exception does not apply here.

In the Plea Agreement the parties expressly set forth the sentencing recommendations to which they agreed: a base offense level of 26, a safety valve reduction of two levels, a minor role reduction of two levels, and acceptance of responsibility reduction of three levels. (*Id*. ¶ X.A.) The safety valve reduction included relief from the five-year statutory minimum custodial sentence. (*Id*.) In addition, they agreed to a downward departure of two levels for the Fast Track program. (*Id*.) The parties further agreed that the government would recommend a sentence at the low end of the advisory guideline range as calculated pursuant to the Plea Agreement. (*Id*. ¶ X.G.) The Plea Agreement also specified the sentencing issues as to which

the parties did not agree.  They did not agree as to Defendant's Criminal History Category, and Defendant could request additional downward adjustments and departures, however, the government reserved the right to oppose them.  (*Id*. ¶ X. C, D & E.)

At the sentencing, the court followed the Plea Agreement in all respects as to which the parties agreed.  (*Cf.* Plea Agreement ¶ X.A. and TR at 7, 8.)  This resulted in a guideline range of 24 to 30 months.  (TR at 8.)  In accordance with the Plea Agreement, the government recommended the low end of the range.  (*Id*. at 7.)  On the other hand, Defendant argued for a 15-month sentence.  (*Id*. at 3-5.)  The court declined to grant sentence reductions as requested by Defendant, and followed the terms of the Plea Agreement in imposing the 24-month custodial sentence.

The Plea Agreement negates Defendant's argument that he was offered a shorter sentence.  Defendant expressly acknowledged that "[n]o one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this plea agreement or otherwise disclosed to the court."  (Plea Agreement ¶ VI.B.)  In addition, he acknowledged his

> understand[ing] that the sentence is within the sole discretion of the sentencing judge.  The Government has not made and will not make any representation as to what sentence defendant will receive.  Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the court.**  Likewise, the recommendation made by the Government is not binding on the court, and it is uncertain at this time what defendant's sentence will be.

(*Id*. ¶ IX (emphasis in original).)

The record establishes Defendant received a sentence in accordance with the Plea Agreement.  Accordingly, he has irrevocably waived his right to challenge his sentence.  The Motion is **DENIED**.  The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: January 3, 2007

M. James Lorenz
United States District Court Judge

06cr0025/06cv0799

1  COPY TO:
2  ALL PARTIES/COUNSEL
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28